UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONETTA HILL,<br><br>      Plaintiff,<br><br>   v.<br><br>ILLINOIS DEPARTMENT OF HUMAN SERVICES,<br><br>      Defendant. | No. 22 CV 7144<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss [27] is granted. The complaint is dismissed without prejudice for failure to exhaust administrative remedies. Enter judgment and terminate civil case.

## STATEMENT

Plaintiff Tonetta Hill filed suit against her employer, the Illinois Department of Human Services, and alleged that it violated Title VII of the Civil Rights Act of 1964. She alleges that she received harsher discipline than a non-African-American employee. [7] at 2.* Defendant moved to dismiss the complaint because there was no suggestion that plaintiff filed a charge with the EEOC or received a right-to-sue letter. [27] at 4. I directed plaintiff to attach any EEOC charge or right-to-sue letter to her response to the motion. [29]. Plaintiff did not submit those documents, and instead said that administrative exhaustion is not jurisdictional and that she had been told that if she complained to the EEOC she would get fired. [32] at 2.

Plaintiff is right that the failure to exhaust EEOC remedies does not deprive a court of jurisdiction over the dispute. *Fort Bend Cnty., Texas v. Davis*, 139 S.Ct. 1843, 1850 (2019). But that doesn't mean that exhaustion is not required. A defendant can still defend a suit by insisting on exhaustion. This is an affirmative defense that ordinarily should not be resolved at this early stage of the case. *See Bibbs v. Sheriff of Cook Cnty.*, 618 Fed. App'x 847, 849 (7th Cir. 2015). Here, however, plaintiff has made it clear that she did not file a charge with the EEOC. She may be arguing that exhaustion would have been futile because she had been threatened with termination if she pursued an EEOC charge. That does not make administrative exhaustion futile—it only suggests that she might have another claim (for retaliation). Had she

---

* Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

filed a complaint with the EEOC, the EEOC would have conducted its process. The threatened firing did not make the EEOC unavailable to her, and plaintiff could have filed a charge including allegations of retaliation to the EEOC.

All the elements of the affirmative defense of failure to exhaust administrative remedies are apparent from the record. Therefore, the complaint is dismissed without prejudice. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019).

ENTER:

Date: July 7, 2023

s/Manish S. Shah
Manish S. Shah
U.S. District Judge